# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

NAJEE FULSOM, )
 )
            Plaintiff, )
 )
      v. ) No. CIV-10-129-FHS-SPS
 )
RANDY WORKMAN, et. al., )
 )
           Defendants. )

## ORDER

Plaintiff, Najee Fulsom, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the Oklahoma State Penitentiary located in McAlester, Oklahoma.

At all times relevant to his Complaint, plaintiff was housed at the Oklahoma State Penitentiary. To exhaust his administrative remedies pursuant to the Department of Corrections grievance procedures for all claims not involving misconducts, a prisoner within Department of Corrections' custody is required to first address the issue with the facility head, then with an appeal of that decision to the office for Administrative Review. If the inmate does not receive a response in 30 days of submission, the inmate may file a grievance to the reviewing authority with evidence of submitting the request to staff to the proper staff member. The grievance may assert only the issue of the lack of the response to the offender grievance records maintained in Administrative Review. According to Debbie L. Morton, the Manager of the Administrative Review Unit at the Department of Corrections Administrative Offices and who has

access to the offender grievance records she states that she has reviewed documentation regarding Najee Fulsom #415790. No grievance has been received from Najee Fulsom #415790. She states and it is uncontested that she has received no grievances for privileges, levels, visits, property or transfer. Plaintiff did not file a response to this motion.

A plaintiff is required to exhaust each claim prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits,

regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' motion to dismiss is hereby **GRANTED**.

**IT IS SO ORDERED** this 23rd day of September, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma